IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVERIA LORRAINE JACKSON, | ) | CASE NO. 1:06 CV 1948 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMUNICARE HEALTH SERVICES, *et al.*, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

Before me by referral[1] is a motion[2] by defendant Suburban Pavilion/CommuniCare Health Services, Inc. (Suburban) to dismiss *pro se* plaintiff Alveria Jackson's complaint[3] under the doctrine of judicial estoppel.  Jackson has responded in opposition to this motion,[4] and Suburban has replied to Jackson's submission,[5] as well as filed additional authority in support of its motion.[6]

For the reasons that follow, I recommend granting the motion and dismissing the complaint.

---

[1] ECF ## 4, 8.

[2] ECF # 24.

[3] ECF # 1.

[4] ECF # 28.

[5] ECF # 32.

[6] ECF # 34.

**Facts**

**A.     Underlying claim and background facts**

The underlying case involves a claim for compensatory and punitive damages arising from various actions taken in 2005 by Suburban[7] as Jackson's employer that Jackson contends violated her civil rights.[8] The relevant facts are straightforward and not disputed.

Jackson initially filed a charge of discrimination against Suburban in June, 2005, with the U.S. Equal Employment Opportunity Commission alleging harassment and discrimination.[9] According to her complaint, when Suburban learned that she had gone to the EEOC, it retaliated against her by firing her on August 4, 2005.[10]

On August 25, 2005, or just 21 days after Jackson asserts Suburban wrongfully terminated her employment, she sought, through counsel, Chapter 13 bankruptcy relief in the United States Bankruptcy Court for this District.[11] As part of her bankruptcy petition,

---

[7] As Suburban notes in its motion, the complaint here also named Emery Medical Management Co., apparently the previous owner of Suburban, as a defendant. However, contrary to Jackson's contention in her response (ECF # 28 at 3), the docket does not reflect that Emery was ever served, inasmuch as the sole summons in this case was served on Suburban after it had apparently already been sold to CommuniCare. In any event, Emery has never entered an appearance of record and no further efforts to perfect service on it have been attempted. The matter has proceeded with Suburban as the sole defendant.

[8] ECF # 1 at ¶ 3.

[9] *Id.*

[10] *Id.*

[11] Case No. 05-22827-rb.

Jackson was required to submit, among other things, both a statement of financial affairs and a schedule of assets.[12]

The statement of financial affairs, at question 4a, directed Jackson to list "all suits and administrative proceedings which the debtor is or was a party to within one year immediately preceding the filing of the bankruptcy case."[13] In response, Jackson listed four actions where she was a defendant in suits to recover funds, but did not list her status as the complainant in the June, 2005, filing with the EEOC.[14]

Similarly, at question 20 in the schedule of assets, Jackson was required to list all "contingent and unliquidated claims of any nature."[15] Jackson listed a personal injury cause of action against Safe Auto Insurance Co. stemming from a January, 2004, auto accident.[16] Significantly, she also listed a potential, unfiled Ohio Workers Compensation claim arising out of the same event.[17] However, as with her answer to the inquiry on the statement of financial affairs, Jackson did not here list either her prior complaint with the EEOC nor any unfiled claim against any current defendant arising out of the events immediately preceding the bankruptcy filing.

---

[12] *See*, ECF # 24, Exs. A and B.

[13] *Id.*, Ex. A.

[14] *Id.*

[15] *Id.*, Ex. B at 5.

[16] *Id.*

[17] *Id.*

Jackson attested under penalty of perjury that she had read the answers to the questions in her petition, and that the answers submitted were true and correct.[18]

Approximately one year after filing for bankruptcy, Jackson filed the present action in this Court. Approximately four months later, on December 18, 2006, Jackson voluntarily converted her Chapter 13 proceeding into one under Chapter 7 of the Bankruptcy Code.[19] At that time, she also amended various schedules filed in connection with her petition to reflect debts incurred since her petition was originally filed, as well as to more correctly state her current income.[20] However, these amendments and corrections did not seek to list the present suit, which had been filed 16 months previously.

Based on his review of the record, the bankruptcy trustee reported that Jackson had no assets over and above those permitted by law.[21] The bankruptcy court thereupon ordered Jackson's case discharged.[22]

**B.    Suburban's motion/Jackson's response**

In this motion, Suburban contends that judicial estoppel must bar Jackson from here asserting a position contrary to a position previously taken under oath in another court

---

[18] *Id.*, Ex. A at 6; Ex. B at 10.

[19] *Id.*, Ex. C.

[20] *Id.*, Ex. D.

[21] *Id.*, Ex. E.

[22] *Id.*, Ex. F.

proceeding that was adopted or relied on by that prior court.[23] Specifically, Suburban argues initially that Jackson made a declaration under penalty of perjury to the bankruptcy court that her assets did not include any claim against Suburban despite knowing, at the time she made that declaration, of the claims contained in this suit.[24] Suburban then asserts that because her declaration was relied on by the bankruptcy court in discharging her from bankruptcy, she should now be precluded from pursuing this claim for money damages.[25]

In response, Jackson maintains that although she technically meets the requirements for invoking judicial estoppel, the doctrine cannot be applied here because she had no motive to conceal the facts at issue.[26] Specifically, she argues that the stress associated with the bankruptcy produced an inadvertent error:

> It is undisputed that I did not disclose the claims, which I was fully aware because I was the one who initiated this litigation. It is undisputed that I have been fully engaged in the civil action and the bankruptcy action at the same time as the Defendant has pointed out. But [defendant] cannot prove that the omission was an intentional act with malice, premeditation, bad faith concealment or any other concealment at all, scienter, dirty hands or any other term that constitutes misconduct.[27]

---

[23] ECF # 24 at 3.

[24] *Id*.

[25] *Id*.

[26] ECF # 28 at 6.

[27] *See*, *id*. at 16-17.

## Analysis

**A.     Standard of review**

Initially, it is clear, as the Supreme Court has stated, that judicial estoppel is "an equitable doctrine invoked by the court at its discretion."[28] In that regard, the Sixth Circuit has recently restated its teaching as to the doctrine of judicial estoppel as follows:

> "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" A court should also consider whether the party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement. Although there is "no set formula for addressing when judicial estoppel should apply," it is well-established that at a minimum, "a party's later position must be 'clearly inconsistent' with its earlier position[]" for judicial estoppel to apply. Moreover, the doctrine of judicial estoppel "is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contrary position without examining the truth of either statement."[29]

The Sixth Circuit has found that judicial estoppel may bar claims not disclosed in a bankruptcy court.[30] Specifically, it has held that judicial estoppel is valid where the plaintiff filed a Chapter 13 bankruptcy petition that did not disclose a discrimination claim that was filed two month later.[31] Further, the Court has noted that the only basis for finding judicial estoppel to be inappropriate in such a context would be where (1) the debtor lacks knowledge

---

[28] *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

[29] *Lorillard Tobacco Company v. Chester, Willcox & Saxbe*, 546 F.3d 752, 757 (6th Cir. 2008) (citations omitted).

[30] *Eubanks v. CBSK Fin. Group*, 385 F.3d 894, 898 (6th Cir. 2004).

[31] *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 422 (6th Cir. 2005).

of the factual basis of the undisclosed claim or (2) the debtor has no motive for concealment.[32]

**B.      Jackson's claim should be judicially estopped.**

In the present case, as noted, Jackson acknowledges that, by filing this action, she asserted an inconsistent position from what she asserted to the bankruptcy court when she stated that her assets did not include any claim against Suburban, despite knowing at the time the factual basis for her present claim. But, as also noted, she contends that this inconsistency was inadvertent, the result of high stress associated with the difficulties that led her into bankruptcy.

I observe that the facts of this case are substantially similar to those addressed by District Judge Boyko in *Randelson v. Kennametal, Inc.*[33] In *Randelson*, as here, the plaintiff initiated an EEOC complaint against the defendant prior to filing for bankruptcy but did not disclose the claim to the bankruptcy court.[34] Moreover, the *Randelson* plaintiff also did not disclose her federal lawsuit, filed during the pendancy of the bankruptcy, to the bankruptcy court.[35] Instead, when confronted by a motion for summary judgement from the defendant

---

[32] *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (citation omitted).

[33] *Randelson v. Kennametal, Inc.*, No. 1:05-cv-1978, 2006 WL 3196457 (N.D. Ohio Nov. 2, 2006).

[34] *Id.*, at *1.

[35] *Id.*

based on the doctrine of judicial estoppel, she asserted that "her failure to include her claims against Defendant in her bankruptcy petition were (sic) inadvertent."[36]

The *Randelson* court, after setting forth the applicable law as to judicial estoppel and inadvertence, rejected the plaintiff's argument, noting:

> Plaintiff's filing of her EEOC complaint demonstrates her knowledge of the claim. Plaintiff Randelson had motive for the concealment because damages from any potential claim could have been used to repay her creditors and thus, she would not benefit from any funds collected. Accordingly, Plaintiff's claim of inadvertent failure to disclose is not well-taken.[37]

While I am not unsympathetic to Jackson's assertion that her failure to disclose her claims to the bankruptcy court was due to neglect caused by stress, and not by any malicious motive, I also am mindful that claims arising prior to filing bankruptcy are properly considered the property of the estate in the bankruptcy proceeding and may be prosecuted only by the trustee for the benefit of the estate.[38] Permitting Jackson to avoid the consequences of judicial estoppel here on the grounds of mere oversight, no matter the cause, would unfairly benefit her by allowing her to personally pursue a claim for money damages that properly belonged only to her creditors.[39]

---

[36] *Id.*, at *2.

[37] *Id.*

[38] *See*, *Elkins v. Summit County, Ohio*, No. 5:06-cv-3004, 2008 WL 622038, at *6 (N.D. Ohio March 5, 2008) (Gwin, J.) (citation omitted).

[39] *Id.* I note that in *Elkins*, because the bankruptcy had already been reopened, Judge Gwin was able to find that, while judicial estoppel did bar the plaintiff from pursuing the tort claim at issue on his own behalf, the claim would not be dismissed so that it could be pursued by the trustee. That option is not available here.

Thus, in applying the law as stated, I recommend finding that Jackson knew, and admits she knew, the factual basis of the undisclosed claim at the time she filed her bankruptcy petition.  Further, I recommend finding, as *Randelson* observes, that there was a motive for concealment in that non-disclosure preserved this claim for herself personally rather than placing it in the estate for the benefit of her creditors.  Moreover, even granting that she was under great stress from the events that culminated in the bankruptcy and may not have been aware of any improper intent at the time of the non-disclosure, I also recommend finding that it would unfair to permit her to now avoid the consequences of judicial estoppel by proceeding with this claim when it properly should have been part of the estate belonging to her creditors.  Consequently, I recommend granting Suburban's motion and dismissing this matter.

## Conclusion

Accordingly, for the foregoing reasons, I recommend finding that Jackson's claim here is precluded by judicial estoppel and that it, therefore, should be dismissed with prejudice.

Dated:   January 22, 2009                              s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[40]

---

[40] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).