IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALVERIA LORRAINE JACKSON,**   ) | **CASE NO.  1:06 CV 1948** |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| v.   ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| ) | Magistrate Judge William H. Baughman, Jr. |
| ) | |
| **COMMUNICARE HEALTH**   ) | **MEMORANDUM OPINION** |
| **SERVICES, et al.,**   ) | |
| ) | |
| **Defendant.**   ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Docket #35).  The Magistrate Judge recommends that the Motion to Dismiss the Complaint filed by Defendant Suburban Pavilion/CommuniCare Health Services, Inc. (Docket #24) be granted.  Defendant Suburban asks this Court to dismiss the Complaint under the doctrine of judicial estoppel.

The Magistrate Judge determined, and Ms. Jackson acknowledged, that by filing this action, she has asserted an inconsistent position from that which she asserted to the bankruptcy court.  Specifically, Ms. Jackson stated to the bankruptcy court that her assets did not include any claim against Suburban, despite knowing at the time the factual basis for her present claim in this case.  The Magistrate Judge noted that while he is sympathetic to

Ms. Jackson's assertion that her failure to disclose her claims to the bankruptcy court was due to neglect caused by stress, and not by any malicious motive, permitting Ms. Jackson to avoid the consequences of judicial estoppel would unfairly benefit her by allowing her to pursue a claim for money damages that properly belonged only to her creditors.

Applying relevant law to the facts and circumstances of this case, the Magistrate Judge recommends that the Complaint be dismissed on the basis of judicial estoppel.  The Magistrate Judge recommends finding that Ms. Jackson admittedly knew the factual basis of the undisclosed claim at the time she filed her bankruptcy petition and that there was a motive for concealment in that non-disclosure preserved the claim for herself personally rather than placing it in the estate for the benefit of her creditors.  Moreover, even if the failure to disclose was inadvertent due to stress, it would be unfair to Ms. Jackson's creditors for her to avoid the consequences of judicial estoppel by proceeding with this claim when it was properly part of the estate.

No objections to the Magistrate Judge's Report and Recommendation were filed within the specified ten-day period.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which

no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Court agrees with the findings and reasoning of the Magistrate Judge and hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman in its entirety. (Docket #35.)  The Motion to Dismiss filed by Defendant Suburban Pavilion/CommuniCare Health Services, Inc. (Docket #24) is hereby GRANTED.  Plaintiff's Complaint is hereby DISMISSED.  This case is TERMINATED.

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 23, 2009